IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

DUBLIN DIVISION

| | | |
|---|---|---|
| XAVIER MAURICE CLARK, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV 319-019 |
| | ) | |
| WARDEN A. CASWELL; FNU GIBBENS, | ) | |
| Deputy Warden of Security; FNU WIDICKER, | ) | |
| Unit Manager; FNU JACKSON, Medical | ) | |
| Director; SSG FNU CULLENS, Security of | ) | |
| Wellbeing of Inmates; and HAMEED, Security | ) | |
| Officer; WARDEN FNU EMMONS, DEPUTY | ) | |
| WARDEN FNU JACKSON; OFFICER FNU | ) | |
| JOHNSON; OFFICER FNU PERNELL; SGT. | ) | |
| RICA LEWIS; UNIT MANAGER FNU | ) | |
| SMITH; OFFICER FNU WILLIAMS; | ) | |
| OFFICER FNU MALLARD; OFFICER FNU | ) | |
| GIBSON; SGT. FNU MCCALL; UNKNOWN | ) | |
| FEMALE MEDICAL NURSES; UNIT | ) | |
| MANAGER FNU FORBES, | ) | |
| | ) | |
| Defendants. | ) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff, an inmate at Phillips State Prison in Buford, Georgia, has filed an amended complaint in this civil rights case. Because he is proceeding *in forma pauperis* ("IFP"), Plaintiff's amended complaint must be screened to protect potential defendants. Phillips v. Mashburn, 746 F.2d 782, 785 (11th Cir. 1984); Al-Amin v. Donald, 165 F. App'x 733, 736 (11th Cir. 2006).

## I. SCREENING OF THE AMENDED COMPLAINT

### A. BACKGROUND

Plaintiff originally filed this case in the Middle District of Georgia on January 30, 2019. (Doc. no. 1.) On February 15, 2019, the Middle District of Georgia transferred this case here because Plaintiff's claims concerned his incarceration while at Johnson State Prison ("JSP"), which is in the Dublin Division of the Southern District of Georgia. (Doc. no. 5.) After transfer, this Court granted Plaintiff leave to proceed in forma pauperis. (Doc. no. 8.) Plaintiff's initial complaint consisted of fourteen pages naming six Defendants who serve in a variety of positions ranging from prison administrators, to medical staff, to correctional officers at JSP. (See doc. no. 1.) Generally, Plaintiff alleged a group of Mexican inmates stabbed him in a cell at JSP, and he was subsequently mistreated by JSP prison officials and medical personnel. (Id.)

On March 7, 2019, Plaintiff filed a motion for leave to file an amended complaint in which he seeks to correct the spelling of Defendant Caswell's name to Warden A. Caldwell and to add defendants and claims relating to events alleged to have occurred at Valdosta State Prison in Valdosta, Georgia ("VSP"). (Doc. no. 14, p. 1.) He attached a proposed amended complaint with his motion. (Id. at 2-8.) In his proposed amended complaint, Plaintiff clearly states "[a]t all times relevant to this case Plaintiff was housed at [VSP]." (Id. at 3.)

On March 26, 2019, the Court granted Plaintiff leave to amend his complaint; however, because Plaintiff was attempting to piecemeal amend his complaint by adding his proposed amended complaint to his original complaint, the Court instructed Plaintiff to amend his complaint in whole within twenty-one days of the March 26th Order. (Doc. no. 20.) The Court further cautioned Plaintiff if he did not file an amended complaint the Court would assume he

only wished to proceed with his proposed amended complaint, which only alleged facts concerning VSP. (Id.)

In a simultaneously filed Order, the Court directed the Clerk to docket Plaintiff's proposed amended complaint, as the operative pleading in this case, as a stand-alone docket entry. In his amended complaint, Plaintiff names as Defendants: (1) Warden FNU Emmons; (2) Deputy Warden FNU Jackson; (3) Officer FNU Johnson; (4) Officer FNU Pernell; (5) SGT. FNU Rica Lewis; (6) Unit Manager Smith; (7) Officer FNU Williams; (8) Officer FNU Mallard; (9) Officer FNU Gibson; (10) SGT. FNU McCall; (11) Unknown Female Medical Nurses; and (12) Unit Manager FNU Forbes (Doc. no. 14, p. 2.) Taking all of Plaintiff's allegations as true, as the Court must for purposes of the present screening, the facts are as follows.

Plaintiff specifically alleges all events in this case occurred at Valdosta State Prison ("VSP") in Valdosta, Georgia. (Id. at 3.) Plaintiff expressed concerns over his safety to Officer Johnson and requested protective custody because he felt threatened by Blood Gang members. (Id.) On December 25, 2018, hours after Plaintiff told Officer Johnson about his security issues, Blood gang members surrounded Plaintiff's cell and called him a snitch for requesting Officer Johnson's help. (Id.) Later in January 2019, Plaintiff received a new cellmate, Mr. Whitaker, who assaulted Plaintiff with a weapon. (Id.) Plaintiff complained about Mr. Whitaker to Sgt. Kern, Officer Williams, and Unit Manager Smith until Unit Manager Smith saw Mr. Whitaker attack Plaintiff again, causing Unit Manager Smith to confiscate Mr. Whitaker's weapon and escort him to a different cell. (Id.)

Plaintiff also alleges he was not allowed to have any clothes or bath himself for two months. (Id. at 3-4.) Plaintiff generally alleges the conditions at VSP were unsanitary, and he

was not given the proper cleaning tools to clean his cell. (Id. at 4.) In February 2019, Plaintiff continued to write Defendants about receiving protective custody and the uncleanliness of his cell. (Id.) Plaintiff alleges he wrote multiple grievance about the events he alleges in his complaint. (Id. at 5.) Plaintiff alleges numerous causes of actions against Defendants, including Eighth Amendment deliberate indifference to safety claims. (Id. at 6-7.)

### B. DISCUSSION

#### 1. Legal Standard for Screening

The amended complaint or any portion thereof may be dismissed if it is frivolous, malicious, or fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant who is immune to such relief. See 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b). A claim is frivolous if it "lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 327 (1989). "Failure to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard as dismissal for failure to state a claim under Fed. R. Civ. P. 12(b)(6)." Wilkerson v. H & S, Inc., 366 F. App'x 49, 51 (11th Cir. 2010) (citing Mitchell v. Farcass, 112 F.3d 1483, 1490 (11th Cir. 1997)).

To avoid dismissal for failure to state a claim upon which relief can be granted, the allegations in the amended complaint must "state a claim for relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). That is, "[f]actual allegations must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555. While Rule 8(a) of the Federal Rules of Civil Procedure

4

does not require detailed factual allegations, "it demands more than an unadorned, the defendant unlawfully-harmed-me accusation." Iqbal, 556 U.S. at 678. An amended complaint is insufficient if it "offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action,'" or if it "tenders 'naked assertions' devoid of 'further factual enhancement.'" Id. (quoting Twombly, 550 U.S. at 555, 557). In short, the amended complaint must provide a "'plain statement' possess[ing] enough heft to 'sho[w] that the pleader is entitled to relief.'" Twombly, 550 U.S. at 557 (quoting Fed. R. Civ. P. 8(a)(2)).

Finally, the court affords a liberal construction to a *pro se* litigant's pleadings, holding them to a more lenient standard than those drafted by an attorney. Haines v. Kerner, 404 U.S. 519, 520 (1972); Erickson v. Pardus, 551 U.S. 89, 94 (2007). However, this liberal construction does not mean that the court has a duty to re-write the amended complaint. Snow v. DirecTV, Inc., 450 F.3d 1314, 1320 (11th Cir. 2006).

### 2. Plaintiff's Claims Against Defendants Should be Dismissed for Improper Venue

Plaintiff's amended complaint only asserts claims concerning events allegedly occurring at VSP against Defendants from VSP. (Doc. no. 14, p. 3.) Pursuant to 28 U.S.C. § 1391(b), a civil action should be brought in a "district where any defendant resides" or in a "district where a substantial part of the events or omissions giving rise to the claim occurred." Because Plaintiff amended his complaint to only include claims concerning VSP and not JSP, the proper venue is the Middle District of Georgia. However, the Court determines it is not in the interest of justice to transfer these claims back to the Middle District of Georgia because (1) this case was previously transferred from the Middle District of Georgia, (2) Plaintiff failed to amend his

complaint as instructed by the Court's March 26th Order, and (3) the Court will not allow Plaintiff to continuously file ping-pong pleadings by substituting Defendants and claims in whole. See 28 U.S.C. § 1406(a) (authorizing dismissal or transfer). Accordingly, Plaintiff's claims against Defendants should be dismissed without prejudice.

## II. CONCLUSION

For the reasons set forth above, the Court **REPORTS** and **RECOMMENDS** Plaintiff's amended complaint be **DISMISSED** without prejudice and this civil case be **CLOSED**.

SO REPORTED and RECOMMENDED this 14th day of May, 2019, at Augusta, Georgia.

BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA